```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------

Martha Arias,

                Petitioner,        07 Civ 4590 (JGK)

- against -                        **MEMORANDUM OPINION AND ORDER**

United States of America,

                Respondent.

-----------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The petitioner, Martha Arias, moves pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.

    On March 18, 2003, the petitioner pleaded guilty to two counts of an information: (1) one count of conspiracy, in violation of 21 U.S.C. § 963, to import into the United States more than one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 952, 960 (a)(1), and 960 (b)(1)(A), and (2) one count of conspiracy, in violation of 21 U.S.C. § 846, to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 841 (a)(1), and 841 (b)(1)(A).  On September 5, 2003, Chief Judge Mukasey sentenced the petitioner principally to a term of imprisonment of 108 months, to run concurrently on both counts, and a term of supervised release of three

1

years. (Gov't Ex. F 12.)  On October 14, 2005, the defendant's judgment of conviction was entered, and the petitioner did not file a notice of appeal.

The current petition is dated April 29, 2007, and was received by the Pro Se Office of this Court on May 2, 2007. The petitioner seeks to vacate, set aside, or correct her sentence on the grounds that she received ineffective assistance of counsel. She alleges that her counsel informed her that she would be sentenced to no more than five years of imprisonment, and that the conspiracy to import heroin charge would be dismissed.  The petitioner further requests a downward departure of her sentence so that she can support her daughter, who has allegedly suffered emotional distress because of the petitioner's term of incarceration. (Pet. 5)

The petitioner's motion must be dismissed because it is time-barred, and in any event is without merit.

I.

The petitioner's motion to vacate, set aside, or correct her sentence of 108 months on the basis of ineffective assistance of counsel must be dismissed because the petition is time-barred.  As provided by 28 U.S.C. § 2255(f),

2

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For the purposes of § 2255(f)(1), a judgment of conviction becomes final when the time for filing a direct appeal has lapsed. Moshier v. United States, 402 F.3d 116, 118-19 (2d Cir. 2005). Pursuant to the Federal Rules of Appellate Procedure 4(b) and 26(a), a defendant has ten days after a judgment of conviction has been entered, excluding intermediate Saturdays, Sundays, and legal holidays, to file a direct appeal. Moshier, 402 F.3d at 119. Thus, if the defendant does not file a direct appeal within ten days of judgment being entered, the judgment becomes final, and the defendant must file a § 2255 motion within one year of

3

that date, unless the motion is filed pursuant to one of the exceptions listed in § 2255(f)(2)-(4).

In the present case, the petitioner's judgment of conviction was entered on October 14, 2005. Following her judgment of conviction, the petitioner filed no direct appeal within ten days, and, because none of the exceptions under § 2255(f)(2)-(4) apply, had one year, or until October 28, 2006, to file a motion pursuant to § 2255. However, the petitioner did not file the present motion until April 29, 2007, at the earliest, well after the one year time limit had expired. Therefore, the petitioner's motion is time-barred under § 2255(f).

II.

In any event, the petitioner's motion to vacate, set aside, or correct her sentence of 108 months imprisonment on the basis of ineffective assistance of counsel must also be dismissed on the merits. The petitioner alleges that her attorney led her to believe that she would receive a sentence of no more than five years. Whether viewed as a claim that her plea was involuntarily given, or that her attorney provided constitutionally ineffective assistance of counsel, the argument is without merit.

The petitioner's assertion is directly contradicted by the Pimentel letter sent to her by the Government, dated

4

March 5, 2003, which explicitly sets out the petitioner's sentencing Guidelines range as 108 – 135 months imprisonment.  (Gov't Ex. C.)  The petitioner's assertion is also belied by the express instructions of Chief Judge Mukasey at the time he took the defendant's plea, on March 18, 2003, which specifically advised the defendant of the possible penalties, the mandatory minimum sentence if the defendant did not qualify for the safety valve, and the fact that the Court would be required to follow the Guideline Sentencing Range, unless the Court found that a factor existed that was not contemplated by the drafters of the Guidelines. (Gov't Ex. B, 9-13.)  The petitioner's sentence is consistent with the sentence set forth in the Presentence Report and the Pimentel letter.  Moreover, the defendant specifically swore under oath that no promises had been made to her with respect to her sentence:

> COURT: Has anyone at all made any kind of promise or inducement to you to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> COURT: In particular, has anyone made any promise to you as to what your sentence will be in this case?
>
> THE DEFENDANT: No.

5

(Gov't Ex. B, 12-13.)  The record establishes that the petitioner swore under oath that she had not been promised anything with respect to sentencing.

The petitioner provides no evidence to support her allegation that any promise was made to her with respect to her sentence.  Although the Courts have rejected a per se rule regarding a defendant's solemn assurances at plea, such assurances are entitled to weight and cannot be disregarded in the absence of contrary evidence. Blackledge v. Allison, 431 U.S. 63, 74 (1977).  The Supreme Court has instructed that a defendant's statements at a plea hearing, "[C]arry a strong presumption of verity," and that,

> The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge, 431 U.S. at 74.

The Court in Blackledge did not dismiss the petitioner's motion on the merits because he made "specific factual allegations," to explain how his plea was involuntarily given, and indicated that there was at least one witness at the alleged communication.  Blackledge, 431 U.S. at 74 – 76.  The petitioner here, like the petitioner in Rosa v. United States, contends that she was promised a

6

lower sentence, but does not provide the Court with specific allegations as to the time, place, and manner of the promise, or any indication of any evidence to support the conclusory allegation. Rosa v. United States, 170 F.Supp. 2d 388, 402 (S.D.N.Y. 2001).

Similarly, there is no basis for the petitioner's allegation that any promise was made that the charge of conspiracy to import heroin would be dismissed. The defendant specifically pleaded guilty to that charge, which was included in both the Pimentel letter (Gov't Ex. C) and the Pre-Sentence Report (Gov't Ex. A). The petitioner specifically swore at the time of her plea to both conspiracy charges that no promises had been made to her. When a defendant pleads guilty, fully understanding the significance of the defendant's plea, "[A] district court on habeas review may rely on the defendant's sworn statements and hold him to them." Padilla v. Keane, 331 F.Supp. 2d 209, 217 (S.D.N.Y. 2004). There is no basis now to credit an assertion that contradicts the petitioner's sworn statement at the plea allocution. See Blackledge 431 U.S. 63 (1977); Rosa, 170 F.Supp. 2d at 402 (citing United States v. Arias, 166 F.3d 1201, 1998 WL 852740 (2d Cir. 1998))(providing that, "Absent credible reasons for rejecting [the petitioner's] statements, [the statements]

7

establish that the plea was entered knowingly and voluntarily.").

Because the petitioner has failed to show that her counsel's representation was objectively unreasonable or that she suffered any prejudice, the petitioner's claim for ineffective assistance of counsel must fail. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Dalisay v. United States, 07 Civ. 2753, 2008 WL 1821816 (S.D.N.Y. April 22, 2008).

Finally, the petitioner argues that her sentence should be reduced so that she can support her daughter. The defendant's argument about her family circumstances is not a basis for granting the current petition. In any event, Chief Judge Mukasey specifically considered the argument of exigent family circumstances at the time of the sentence, but decided against a downward departure from the applicable Guideline Sentencing Range. Therefore, there is no basis to vacate the petitioner's conviction to reduce her sentence.

## Conclusion

For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **denied**. The Clerk is directed to enter judgment dismissing the petition and closing this case. The Court declines to issue a certificate of appealability

pursuant to 28 U.S.C. § 2253(c)(2) because the petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated:   New York, New York
         July 18, 2008

                                          John G. Koeltl
                                    United States District Judge